STATE OF NORTH CAROLINA
v.
GEORGE STEPHEN BUSIAS.
No. COA09-322.
Court of Appeals of North Carolina.
Filed October 20, 2009.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Thomas M. Woodward, for the State.
Michael J. Reece, for defendant-appellant.
CALABRIA, Judge.
George Stephen Busias ("defendant") appeals judgments entered upon jury verdicts finding him guilty of possession of a Schedule II controlled substance with intent to sell and deliver, sale of a Schedule II controlled substance, delivery of a Schedule II controlled substance, and misdemeanor maintaining a dwelling for keeping and sale of a controlled substance. We find no error.

I. Facts
On 22 January 2008, Adrean Pope ("Pope"), an informant for the Onslow County Sheriff's Department ("the Sheriff's Department"), went to the home of defendant and purchased ten methadone pills. Pope was working with Detective Michael Washington ("Det. Washington") of the Sheriff's Department after he had been arrested for trafficking cocaine. Defendant, who had a prescription to legally possess methadone, had been brought to the attention of Det. Washington by Pope. The pills that defendant sold to Pope were tested by the North Carolina State Bureau of Investigation crime lab ("SBI lab") and the pills were determined to be 16.7 grams of methadone.
Defendant was arrested, indicted, and subsequently tried in Onslow County Superior Court on 8 December 2008 for three counts of trafficking opium or heroin, possession with intent to manufacture, sell, and deliver a Schedule II controlled substance, sale of a Schedule II controlled substance, delivery of a Schedule II controlled substance, and knowingly and intentionally maintaining a dwelling for keeping and selling a controlled substance. During the trial, Pope testified against defendant. On cross-examination, after being advised by the trial court of his Fifth Amendment right to avoid self-incrimination, Pope refused to answer two questions asked by defendant's counsel. At the close of the State's evidence, defendant moved to dismiss the charges and the trial court denied the motion. At the close of all evidence, the trial court on its own motion dismissed one trafficking charge. Defendant then moved to dismiss the remaining charges on the basis of his entrapment defense, and that motion was denied.
On 10 December 2008, the jury returned verdicts of not guilty on the other trafficking charges and guilty on all the remaining charges. For the sale of a Schedule II controlled substance conviction, defendant received an active sentence of 16 months to 20 months in the North Carolina Department of Correction. For the convictions of possession with intent to manufacture, sell, and deliver a Schedule II controlled substance and knowingly and intentionally maintaining a dwelling for keeping and selling a controlled substance, defendant received an active sentence of 10 months to 12 months in the North Carolina Department of Correction. This active sentence was suspended and defendant was placed on supervised probation for 36 months. The court arrested judgment on the delivery of a Schedule II controlled substance conviction. Defendant was also ordered to pay restitution, including, inter alia, SBI lab fees of $600. Defendant appeals.

II. Pope's Testimony
Defendant argues that the trial court erred when it intervened to advise Pope during his cross-examination testimony that he could assert his Fifth Amendment right against self-incrimination. Defendant offers no authority to support this argument, as required by N.C.R. App. P. 28(b) (2008). Therefore, this assignment of error is dismissed.
Defendant also argues that the trial court erred by failing to strike Pope's testimony ex mero motu after Pope twice asserted his Fifth Amendment right against self-incrimination during cross-examination. Defendant asserts that Pope's invocation of his Fifth Amendment privilege denied defendant his Sixth Amendment right to confront witnesses against him. However, defendant did not raise a Sixth Amendment argument at trial, and therefore this issue is not preserved on appeal. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." State v. Lloyd, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001)(citation omitted). This assignment of error is dismissed.

III. Entrapment
Defendant argues that the trial court erred by denying defendant's motion to dismiss at the close of all the evidence. Defendant asserts that the evidence presented at trial established entrapment as a matter of law. We disagree.
Entrapment is the inducement of a person to commit a criminal offense not contemplated by that person, for the mere purpose of instituting a criminal action against him. To establish the defense of entrapment, it must be shown that (1) law enforcement officers or their agents engaged in acts of persuasion, trickery or fraud to induce the defendant to commit a crime, and (2) the criminal design originated in the minds of those officials, rather than with the defendant. The defense is not available to a defendant who was predisposed to commit the crime charged absent the inducement of law enforcement officials.
State v. Davis, 126 N.C. App. 415, 417-18, 485 S.E.2d 329, 331 (1997)(internal citations omitted).
Ordinarily, the issue of whether a defendant has been entrapped is a question of fact which must be resolved by the jury. It is only when the undisputed evidence discloses that an accused was induced to engage in criminal conduct that he was not predisposed to commit that we can hold as a matter of law that he was entrapped.
State v. Hageman, 307 N.C. 1, 30, 296 S.E.2d 433, 450 (1982) (internal citations omitted).
In the instant case, Pope testified that he had previously seen defendant selling methadone pills. He further testified that defendant agreed to sell him methadone pills and that the defendant never indicated he was selling the methadone pills unwillingly. Pope's testimony creates a dispute in the evidence as to whether defendant was induced to engage in criminal conduct that he was not predisposed to commit that must be resolved by a jury. Defendant's assignment of error is overruled.

IV. Restitution
Defendant argues that the trial court erred by ordering him to pay $600 in SBI lab fees. Defendant incorrectly asserts that these lab fees should be considered restitution, which must be supported by "evidence adduced at trial or at sentencing." State v. Wilson, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995). It is clear from the judgments that the trial court did not order the SBI lab fees as restitution, but rather as court costs. N.C. Gen. Stat. § 7A3-04 allows the trial court, upon conviction, to assess and collect "[f]or the services of the State Bureau of Investigation laboratory facilities. . . the sum of three hundred dollars ($300.00) to be remitted to the Department of Justice for support of the State Bureau of Investigation." N.C. Gen. Stat. § 7A-304(a)(7) (2007). The trial court properly assessed these costs in each of its judgments against defendant. Defendant's assignment of error is without merit.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).